OPINION
{¶ 1} Defendant-appellant, David Casey, appeals sentences for rape and gross sexual imposition imposed on him by the Clermont County Court of Common Pleas. We affirm the trial court's decision.
 {¶ 2} Appellant was indicted on six counts of rape and six counts of gross sexual imposition. He later pled guilty to one count of rape, a first degree felony in violation of R.C. 2907.05(A)(1)(b), and one count of gross sexual imposition, a third degree felony in violation of R.C.2907.05(A)(4). At the plea hearing, appellant agreed to the following statement of facts: "Defendant digitally penetrated the victim's vagina, whose date of birth is 4/28 of `93. In addition, * * * the Defendant did have sexual contact with another, not his spouse, when the other person is less than 13 years of age, whether or not he knew the person's age. And specifically, the Defendant touched the vagina of the same victim[.]" The victim was appellant's eight-year-old stepdaughter. Appellant was 31 years old at the time of the offenses.
 {¶ 3} After considering a presentence investigative report, appellant's prior criminal history, appellant's own statement, and a victim impact statement, the trial court sentenced appellant to consecutive prison terms of nine years and four years on the rape and gross sexual imposition charges respectively. He appeals, alleging that the trial court erred in sentencing him to greater than minimum sentences and by imposing consecutive sentences.
 {¶ 4} An appellate court may not disturb a sentence imposed under felony sentencing law unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2). See State v. Garcia (1998), 126 Ohio App.3d 485,487. Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Garcia at 487. The record that a court considers when reviewing the imposition of a sentence includes (1) the presentence investigative report, (2) the trial court record in the case in which the sentence was imposed, and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1)-(3).
 {¶ 5} The trial court may impose a sentence greater than the minimum term on an offender who, like appellant, has not previously served a prison term, if the court finds on the record that a minimum sentence would demean the seriousness of the offender's conduct, or would not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B). The trial court does not need to provide its underlying reasons for finding that a term greater than the minimum should be imposed. State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus. Instead, it is sufficient that the record reflects that the trial court engaged in the statutory analysis and determined that one or both of the exceptions under R.C. 2929.14(B) warranted a sentence greater than the minimum. Id. at 326.
 {¶ 6} The trial court specifically found in its judgment entry that "the shortest prison term will demean the seriousness of the defendant's conduct and the shortest prison term will not adequately protect the public from future crime by the defendant[.]" The trial court made similar findings on the record at the sentencing hearing. We therefore find that the court engaged in the necessary analysis under R.C. 2929.14(B) to warrant the imposition of a term greater than the minimum. Upon review of the record, we also find that the trial court's decision to deviate from the minimum prison term is supported by the record.
 {¶ 7} We now turn to the trial court's decision to impose consecutive prison terms. Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that the consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the trial court must find that the consecutive terms are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the trial court must find that one of the factors listed in R.C. 2929.14(E)(4)(a) through (c) applies. The trial court must state sufficient supporting reasons for the imposition of consecutive sentences. R.C. 2929.19(B)(2)(c); Edmonson, 86 Ohio St.3d at 326.
 {¶ 8} In its sentencing entry, the trial court specifically found, "for the reasons stated on the record," that:
 {¶ 9} "1. Consecutive sentences are necessary to protect the public from future crime and to punish the defendant and are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public.
 {¶ 10} "2. The defendant committed the multiple offenses while the defendant was under community control sanctions.
 {¶ 11} "3. The harm caused by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct.
 {¶ 12} "4. The defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public form future crimes by the defendant."
 {¶ 13} At the sentencing hearing, the trial court noted its reasons for the imposition of consecutive sentences. These included the disparity in age between appellant and his victim, appellant's position of trust which facilitated the offenses, appellant's prior criminal history, the fact that appellant was on community control at the time that the offenses were committed, appellant's attempt to minimize his conduct by stating that the victim gave him permission to touch her, and his admitted lack of insight as to why he engaged in such conduct.
 {¶ 14} Appellant contends that the trial court gave undue weight to his statement that the victim gave her permission to touch her and his failure to recognize the cause of his behavior. Appellant also contends that the trial court gave undue weight to his prior criminal record since none of his prior offenses were sex offenses. However, we find that these facts are relevant to the sentencing considerations. See R.C. 2929.12(D). Further, as noted in the recitation above, these were only a few of many factors considered by the trial court, all of which were supported by the record.
 {¶ 15} Upon reviewing the trial court's sentencing entry and the sentencing hearing, we find that the trial court complied with R.C.2929.14(E)(4) and made the findings required to impose consecutive prison terms. Further, upon thoroughly reviewing the entire record, we also conclude that the trial court's decision to impose consecutive prison terms is supported by the record and is not contrary to law. Accordingly, the assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and YOUNG, J., concur.